### JOHNSTON *v.* MORTIMER *et al.*

(*Supreme Court, Special Term, New York County.* February 4, 1889.)

INJUNCTION—TO RESTRAIN LANDLORD'S EJECTMENT.

　　Where plaintiff seeks to restrain summary proceedings in ejectment before a justice on the ground that by the terms of an alleged oral modification of the lease, partly executed, plaintiff has incurred no forfeiture, and defendants deny all the material allegations of the complaint and affidavits in support thereof, the court will not interfere.

At chambers. Motion to continue temporary injunction in an action by Robert Johnston against Richard Y. Mortimer and William M. Mortimer, executors of Richard Mortimer, deceased.

*Butler, Stillman & Hubbard,* for plaintiff. *John A. Beall,* for defendants.

PATTERSON, J. This is a motion to continue a temporary injunction issued to restrain summary proceedings in ejectment instituted in a district court by the defendants, as landlords, against the plaintiff, as tenant. Prior to the 21st of August, 1888, the plaintiff was in possession of the premises under a lease made to his testator and predecessor in business, providing for the payment of $60,000 a year rent, and certain taxes and water-rates which the lessee assumed to pay. The plaintiff claims that, at or about the day named, a modification of the terms of the lease was made by parol, that the rent should be reduced to $47,500 a year, and he should be relieved from the payment of taxes, except for the year 1887, and certain Croton water-rents. The plaintiff further claims that this parol understanding or agreement was in fact partially executed, although not reduced to writing, and payments were made by him, and the money accepted by the landlords, on the basis of the modified terms, and he alleges that, notwithstanding the new agreement and the relations established by it, the defendants instituted the summary proceedings for default in the payment of rent and charges under the terms of the lease as it stood before the modification, and this suit is brought to prevent forfeiture of the lease, to have the plaintiff's right under the modified agreement established, and to enjoin the proceedings before the civil justice. It may be taken for granted in this case that the complaint and affidavit of the plaintiff make out a *prima facie* case for the interposition of this court in the first instance, as the civil justice before whom the summary proceeding in ejectment was pending had no jurisdiction to afford equitable relief, or give any remedy in the nature of that sought here, namely, to prevent a forfeiture. By section 2265, Code Civil Proc., it is provided that an injunction shall not be granted to stay summary proceedings before final order, except in a case where an injunction would be granted to stay proceedings in an action for ejectment, and upon the like terms, or after the final order, except in a case where an injunction would be granted to stay the execution of the final judgment in such an action, and upon like terms. The final order has not been issued in this case, although the justice has made his decision in the matter. It has been held that the equitable power of this court will be exercised in proceedings of this character wherever the justice has no jurisdiction, or the proceeding is fraudulent, or where an oppressive use is being made of the judgment, or the defendant in the proceeding has some clear, equitable right which cannot be enforced in the ejectment proceeding. *Rapp* v. *Williams,* 1 Hun, 716; *Armstrong* v. *Cummings,* 20 Hun, 313; *Chadwick* v. *Spargur,* 1 Civil Proc. R. 423.

But, coming to the examination of the facts in the case as presented in the opposing affidavits, I find that every allegation of the plaintiff's complaint, and each statement in the plaintiff's affidavit constituting the foundation of the claim to relief, is denied. Mr. Mortimer swears that, while it is true negotiations were had between the plaintiff and himself respecting a modification of the terms of the lease, those negotiations resulted in nothing, because of the failure of the plaintiff to observe a condition which was to have been performed by the 21st day of August, 1887, and on that day he informed the plaintiff that the proposed agreement and modification would not be made. Mr. Mortimer also swears that the payments which the plaintiff claims were made on the basis of the modified terms of the lease as to the amount of the rent to be paid, were not so made, but were distinctly on account of the rent reserved in the written lease, and that the receipts given for such payments so declare in words. The affidavit of Ryan, presented by the plaintiff, adds nothing to the actual proof of the modification, but that of Macbean, submitted by the defendants, goes to show that it was well known by the plaintiff that Mr. Mortimer had not assented after the 21st of August to such modification. In this condition of proof as to the cardinal fact in the case, with a simple affirmation on one side and a denial on the other, without any circumstances to aid the plaintiff, except the mere possibility that he believed the arrangement was a binding one, the court cannot interfere with the legal right of the defendants to regain possession of their property; and the motion to continue the injunction must be denied, with $10 costs.